UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

───────────────────────────────────────

UNITED STAES OF AMERICA,

    Plaintiff,

v.

SUSAN CROW,

    Defendant.

No. 1:15-cv-00895-BRB-LF

───────────────────────────────────────

ORDER GRANTING UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

───────────────────────────────────────

Defendant Susan Crow failed to file income tax returns for multiple years, prompting the IRS to assess substantial tax liabilities. The United States filed this action to reduce the assessments to judgment and to foreclose on real property Crow owns in Rio Rancho, New Mexico. It now asks the Court to enter summary judgment in its favor. The Court will grant the motion.

**I.    Facts**

The following facts are undisputed. In 1991, Crow purchased real property by warranty deed at 1404 32nd Circle S.E. in Rio Rancho, New Mexico, which is located in Sandoval County. She still owns this property. From 2003 to 2011, Crow failed to file proper federal income tax returns. Pursuant to its authority under 26 U.S.C. § 6020(b), the IRS prepared substitute returns. The IRS assessed that, as of March 15, 2016, Crow

owed a total of $105,721.40 in unpaid federal income taxes and statutory additions. The United States filed notices of its federal tax lien on Crow's Rio Rancho property with the Sandoval County clerk. The following chart shows the IRS' assessment of Crow's liability for each year and the date it filed the notices of its federal tax liens:

| Tax year | Assessment Date | Totals as of March 15, 2016 | Notice of Federal Tax Lien filed |
|---|---|---|---|
| 2003 | 08/04/2008 | 4,833.62 | 03/31/2014 |
| 2004 | 08/04/2008 | 15,250.26 | 03/31/2014 |
| 2005 | 07/21/2008 | 1,729.19 | 03/31/2014 |
| 2006 | 05/25/2009 | 17,154.08 | 03/22/2010 |
| 2007 | 11/15/2010 | 12,661.88 | 03/31/2014 |
| 2008 | 02/20/2012 | 12,989.50 | 03/31/2014 |
| 2009 | 06/16/2013 | 11,913.03 | 03/31/2014 |
| 2010 | 09/01/2014 | 13,821.33 | 11/12/2014 |
| 2011 | 01/12/2015 | 15,368.51 | 03/03/2015 |
|  | Total: | 105,721.40 |  |

**II.   Legal Standards**

Summary judgment is appropriate if the United States shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the United States meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to Crow to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The Court views the facts in the light most favorable to Crow as the non-moving party and draws all reasonable inferences in her favor. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013). The Court also construes Crow's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir.2013). Nonetheless, pro se parties must follow the

same rules of procedure as other litigants.  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  The Court will not supply additional factual allegations or construct a legal theory on Crow's behalf.  *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

**III.    Discussion**

The United States argues that summary judgment should be granted in its favor on its first claim for $105,721.40 in unpaid taxes, interest, and penalties, and on its second claim for foreclosure of related federal tax liens against Crow's real property located in Rio Rancho, New Mexico.

*A.  Tax Assessments*

To prevail on its claim for unpaid taxes, the United States must first establish a *prima facie* case by showing "a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises."  *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991).  Crow must then produce substantial evidence to overcome the presumption to avoid summary judgment.  *Id.*

In support of its motion for summary judgment, the United States submitted certified copies of IRS Form 4340, "Certificate of Assessments and Payments," which disclose the fact, date, and assessed amount of Crow's unpaid taxes, penalties, and interest.  In addition, the United States submitted reports the IRS prepared to show interest accruals through March 15, 2016.  IRS Forms 4340 are "routinely used to prove that tax assessment has in fact been made" and are "presumptive proof of a valid assessment."  *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992) (internal quotation marks omitted); *see also Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992)

("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [applicable regulations]."). "If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Guthrie*, 970 F.2d at 737–38; *see Long*, 972 F.2d at 1181 n.9 ("The taxpayer has the burden of going forward with evidence and the burden of persuasion to overcome the presumption attaching to the Forms 4340.").

Crow has not presented any evidence to overcome the presumptive correctness of the forms and reports the United States submitted. Although she argues the documents are "unverified, irrelevant and inadmissible," the certificates of assessments and payments are admissible under the public-record hearsay exception under rule 803(8) of the Federal Rules of Evidence. *James v. United States*, 970 F.2d 750, 755 (10th Cir. 1992) (stating that "IRS Certificates of Assessments and Payments are admissible public records 'sufficient to establish that notices and assessments were properly made'" (quoting *Hughes v. United States*, 953 F.2d 531, 539–40 (9th Cir. 1992)). These certificates are certified, and Crow has not shown that "the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). To the extent Crow challenges the Declaration of Michelle C. Johns because Johns is counsel for the United States in this case, Crow's argument fails. Federal Rule of Civil Procedure 56(c) permits parties to point to "affidavits or declarations" that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1)(A) &

4

(c)(4). The declaration explains that the attached documents came out of the IRS administrative files. Johns prepared the declaration in accordance with 28 U.S.C. § 1746, which describes "unsworn declarations under penalty of perjury." The Court finds that the United States has met its prima facie burden on summary judgment on its first claim and that Crow has not shown any genuine issue of material fact precluding summary judgment.[1] Thus, the Court will grant summary judgment on the United States' first claim for judgment in the amount of $105,721.40.

B. *Foreclosure*

Under 26 U.S.C. § 6321, "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The lien arises at the time the assessment is made. 26 U.S.C. § 6322. Here, the United States has established the tax liability underlying the lien. Liens arose against Crow's property on the various dates the assessments were made: August 4, 2008; July

---

[1] In Defendant's Objections to Motion for Summary Judgment, which Crow filed after briefing for summary judgment was complete and without receiving permission from the Court, Crow argues that she did not receive proper notice of the tax assessments and intent to levy. The Court is not inclined to consider these last-minute arguments filed without permission. *See* N.M. Fed. Ct. R. 7.4(b) ("The filing of a surreply requires leave of the Court."). Nonetheless, the Court notes that certificates of assessments and payments, which are transcripts specifying the date assessments and other events occurred, also provide presumptive proof that the IRS provided a taxpayer with proper notice of the assessment. *See Long*, 972 F.2d at 1181 (noting in a parenthetical that the certificate of assessments and payments provide sufficient proof of adequacy and propriety of *notices* and assessments absent evidence to the contrary). The certificates in this case include dates of "statutory notice of balance due" on the same date as the initial assessment, indicating the notices were sent the same day the assessments were completed. The dates listed for each "statutory notice of intent to levy" follows shortly thereafter. Again, Crow's *arguments* do not rebut the *evidence*.

21, 2008; May 25, 2009; November 15, 2010; February 20, 2012; June 17, 2013; September 1, 2014; and January 12, 2015.

The United States contends that Crow owns the real property at 1404 32nd Circle S.E., Rio Rancho, New Mexico. In support, it attached a Warranty Deed dated July 19, 1991, and filed in Sandoval County on July 23, 1991, conveying the property to Crow. Crow does not deny that she owns the property. The evidence thus shows that Crow has a valid interest in the real property in Rio Rancho to which the liens have attached. The liens were valid against purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors under 26 U.S.C. § 6323(a) & (f) as of the date the United States filed sufficient notice. The United States filed Notices of Federal Tax Lien with the County Clerk in Sandoval County on March 22, 2010; March 31, 2014; November 12, 2014; and March 3, 2015.

Crow argues that the Notices of Federal Tax Lien are not attested to be true and correct pursuant to 26 U.S.C. § 6065. This section provides: "Except as otherwise provided by the Secretary, any return, declaration, statement or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." 26 U.S.C. § 6065. But "the verification provision of § 6065 was enacted to permit taxpayers to submit a verified return rather than a notarized return, and does not apply to notices issued by IRS agents." *Thompson v. IRS*, 23 F. Supp. 2d 923, 925 (N.D. Ind. 1998); *see also Morelli v. Alexander*, 920 F. Supp. 556, 558 (S.D.N.Y. 1996) ("Section 6065 was

enacted to permit the *taxpayer* to submit a verified return rather than a notarized return." (emphasis in original)).

Crow also contends that 26 U.S.C. §§ 6201 & 6203 require a notice of lien to be supported by a properly filed valid summary record of assessment. Section 6203 provides that a taxpayer may request the Secretary to furnish "a copy of the record of the assessment." 26 U.S.C. § 6203. The United States has provided the Certificates of Assessments to Crow in this action, and those forms identify the taxpayer, informs her of the character of the liability assessed, the tax periods giving rise to the assessment, and the amount of the assessments. *Taylor v. IRS*, 69 F.3d 411, 419 (10th Cir. 1995). The Certificates of Assessments satisfy the requirement to furnish Crow with a record of the assessment. *See Goodman v. United States*, 185 Fed. App'x 725, 728 (10th Cir. 2006) (unpublished) (explaining that "IRS Form 4340, Certificate of Assessments and Payments, also has been deemed to satisfy the requirements of I.R.C. § 6203 and Treasury Regulation § 301.6203-1").

Crow has not rebutted the United States' evidence.[2] The Court will grant the United States' motion for summary judgment on its second claim and will order foreclosure on Crow's property in Rio Rancho, New Mexico.

---

[2] Although Crow mentions that discovery is not yet complete, she does not explain what discovery is still needed. "[A] party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit explaining why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quotation marks and brackets omitted). Crow did not explain (1) the probable facts not available; (2) why those facts cannot be presented currently; (3) what steps have been taken to obtain the facts; and (4) how additional time will enable her to obtain those facts and rebut the motion for summary

*C. Crow's remaining arguments*

Crow appears to generally object to paying federal income taxes. The Court is not persuaded by her arguments and will not go through them individually, but simply directs Crow to review the arguments the Tenth Circuit has previously rejected, many of which she has asserted:

> As the cited cases, as well as many others, have made abundantly clear, the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429, . . . *modified,* 158 U.S. 601 . . . (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

---

judgment.  *See id.*  The Court sees no reason to wait for the close of discovery before ruling on the motion.

## IV. Conclusion

For the reasons stated above, the Court grants the United States' Motion for Summary Judgment. The Court enters judgment in favor of the United States for $105,721.40, plus any penalties and interest accruing under the applicable law. The Court further orders that in accordance with the law, the United States may proceed with foreclosure proceedings on the property that Crow owns at 1404 32nd Circle S.E., Rio Rancho, New Mexico.

SO ORDERED.

Entered for the Court
this 5th day of April, 2016.

_____
Bobby R. Baldock
United States Circuit Judge
Sitting By Designation